BOUTALL, Judge.
The State of Louisiana appeals from a judgment maintaining the declinatory exception of insufficiency of citation and service of process and lack of jurisdiction over the person in an action which it brought for determination of the parental rights of the mother of the child. We affirm.
After hearings on matters relative to child abuse were held in the Juvenile Court for the Parish of Jefferson and an adjudication was made that the child was in need of care, the State brought a petition for termination of parental rights against the mother, Myra Joseph, under the provisions of L.R.S. 13:1602. The State alleged that it had attempted a number of times to effect personal service upon the mother but apparently she was dodging service and prayed for the appointment of an attorney at law as curator ad hoc to represent the mother in the proceedings. Citation and service of process was never had upon the mother, but was effected upon the appointed curator ad hoc who promptly filed the declinatory exception based upon lack of citation and sufficient service upon the mother.
The pertinent sections of R.S. 13:1602 are as follows:
“A. The court of proper jurisdiction upon the filing of the petition for the termination of parental rights shall order a hearing and set the date thereof for the purpose of adjudicating whether the rights of the parent should be terminated. This hearing shall be conducted within not less than two nor more than six weeks.
“B. The parent shall be served personally with the petition and order, giving the parent at least fifteen days notice.
“C. An attorney shall be appointed by the court to represent the sole interest of the child, and an attorney shall be appointed by the court to represent the parent or parents if the court determines that such parent or parents are indigent and unable to employ counsel solely for that reason, in accordance with the Louisiana Code of Civil Procedure, Articles 5091 and 5098.

The trial judge held that the plain wording of Section B thereof required that the parent shall be served personally and that service upon a curator ad hoc was insufficient, concluding that until such service was made upon the parent that there was no personal jurisdiction to proceed to adjudication. In her reasons for judgment the trial judge noted that there was a difference in the requirements of the laws relating to the abandonment proceeding under the provisions of L.R.S. 9:403 and to the termination of parental rights proceeding under L.R.S. 13:1602. In the abandonment proceeding the law specifically sets out the way service may be made and specifically provides for the appointment of an attorney to act for an absent parent. In the termination proceeding, personal service only upon the parent is demanded, and the appointment of an attorney for the parent is solely for the reason of indigency. We agree with the reasons delineated by the trial judge and believe that they are determinative of this issue. The termination of parental rights statutes is a special proceeding and the terms of the statute must be adhered to.
On this appeal, the State presents nothing new that has not been considered by the trial court and in view of the plain wording of L.R.S. 13:1602, we see no necessity to discuss- the matter as to the involvement of the constitutional rights of the parent as to notice, etc.
*1223 For the reasons above, the judgment is affirmed.
AFFIRMED.